

ENTERED
11/02/2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EVAJEAN MARIE JACKSON; aka | § | CASE NO: 17-80090 |
| JACKSON; aka JACKSON; aka JACKSON, *et* | § | |
| *al* | § | |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| THE GIL RAMIREZ GROUP, LLC | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 17-8010 |
| | § | |
| EVAJEAN MARIE JACKSON, *et al* | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

The plaintiff, The Gil Ramirez Group, LLC ("Ramirez"), commenced this adversary proceeding by filing a complaint on July 27, 2017.  Ramirez, a creditor in the underlying bankruptcy case, requested this Court find that the punitive damages portion of its claim against defendant/debtor Evajean Marie Jackson be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).  The Court held a bench trial in this adversary proceeding on October 26, 2018.

The punitive damages award at issue was determined by a jury in *The Gil Ramirez Group, LLC v. Houston Independent School District, et al.,* Civil Action No.: 4:10-cv-04872, in the United States District Court for the Southern District of Texas.  Judgment was entered on the jury verdict on January 26, 2017.  The Court has considered the entire record in the District Court civil action and recognizes that it is bound by the specific findings made therein.  For the reasons stated in this opinion, the Court holds that the punitive damages against Jackson are non-dischargeable.  The Court makes the following finds of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.

Beginning in 2003, the debtor began paying a $2,000 monthly bribe to Joyce Moss Clay and/or JM Clay (the "Clay parties") to obtain contract work, so called Job Order Contracts, with the Houston Independent School District ("HISD").  This monthly bribe continued until 2008, and then resumed in 2009 for an unknown duration.  The Clay parties then funneled part of these bribes to Lawrence "Larry" Marshall ("Marshall"), who could influence who would receive contract work.  Marshall was a long-standing elected member of the Board of Trustees of HISD. Jackson and her company, RHJ-JOC, Inc., received contract work from the HISD due to the money funneled to Marshall via the Clay parties.  Ramirez competed with the defendant's company for contract work.  Jackson's bribes led to her and her company receiving contract work instead of Ramirez.  These bribes, and the damages caused by them, were partly the basis of District Court lawsuit and the resulting the award of punitive damages to Ramirez, which is the basis of this non-dischargeability complaint.

Jackson owned and operated RHJ-JOC, Inc., a construction company that received construction contracts from government organizations including HISD.  Marshall, an elected HISD school board member, demanded via the Clay parties that Ramirez pay bribes to him or face losing Job Order Contracts Ramirez had won the preceding year.  Ramirez refused to pay the bribes and HSID stopped awarding him Job Order Contracts, instead they were awarded to Jackson via RHJ-ROC, Inc.

Unlike Ramirez, Jackson almost continually paid Marshall bribes via the Clay parties for the purpose of receiving Job Order Contracts.  This deprived Ramirez of these contracts.  In 2009 and 2010, Jackson knowingly and intentionally disrupted Ramirez's existing and future Job Order Contracts with HISD by paying bribes to Marshall.  This directly resulted in Ramirez suffering damages.

2 / 6

The jury in the District Court made these specific findings in awarding Ramirez damages:

a.     Jackson knowingly and intentionally interfered with Ramirez's prospective business relations with the Houston Independent School District.

b.     Jackson engaged in an unlawful conspiracy that damaged Ramirez.

c.     Ramirez suffered actual damages or loss from Jackson's knowing or intentional interference with Ramirez's prospective business relations with the Houston Independent School District.

d.     The sum of money that would fairly and reasonably compensate Ramirez for its damages proximately caused by Jackson's interference for 2009 Loss of Profits was $290,667.00 and 2010 Loss of Profits: $386,000.00.

e.     Jackson was twenty-five percent responsible for the tortious interference with prospective contract or conspiracy to commit tortious interference with prospective contract.

f.      Jackson, based on clear and convincing evidence, caused harm to Ramirez through malice or reckless indifference to the rights of others.

g.     The jury determined that Jackson should be assessed $1,000,000 as exemplary damages for the conduct of knowingly and intentionally interfering with Ramirez's prospective business relations with the Houston Independent School District as a penalty or by way of punishment.

11 U.S.C. § 523(a)(6) provides that a discharge under Sections 727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. "Willful" means that there is objective substantial certainty of injury to subjective motive to injure. *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 603 (5th Cir. 1998), *citing Kawaauhau v. Geiger*, 523 U.S. 57 (1998). "Malicious" means an act done with the actual intend to cause injury. *Id.* at 606. The Fifth Circuit held that "[a]n injury is willful and malicious where there is either an objective substantial certainty of harm of a subjective notice to cause harm." *Id.*

The jury's findings of fact that Jackson intentionally and tortuously interfered with

Ramirez's prospective business relations establish that the punitive damages award is a debt arising out of Jackson's willful and malicious injury to Ramirez.  Intentional torts generally require that the actor intend "the consequences of an act, not simply 'the act itself.'" *Kawaauhau*, 523 U.S. at 61-62, *citing* Restatement (Second) of Torts § 8A, comment a, p. 15 (1964).  This Court is cognizant that the Supreme Court has held that non-dischargeability under Section 523(a)(6) takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.  *Id*.  The debtor would argue that her acts of bribery[1] unintentionally harmed Ramirez, if they harmed him at all.  The Court strongly disagrees.  The debtor intended to deprive Ramirez of contracts by using bribes to secure the contracts for herself and her company. She intended the consequences of her bribes, which created a deliberate and intentional injury to Ramirez.

The Court stresses that its finding is to the punitive judgment award of the District Court. In fact, the plaintiff has not even moved for a finding of non-dischargeability as to the rest of the claim.  The requirements for asserting a claim under Section 523(a)(6) are a willful and malicious injury by the debtor to another entity or to the property of another entity.  The key term in subsection (6) is the word "malicious."  This is the basis of the punitive damage award made by the jury.  The basic issue is whether this term requires a showing of intent on the debtor's part to inflict injury on the creditor (referred to as actual malice).  In *Kawaauhau*, the U.S. Supreme Court has held that actual malice is required.  The Court stated that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau*,

---

[1] The Court notes that the debtor claims that her payments were not bribes.  The great weight of evidence before this Court and the jury in the District Court contradict that claim.  The Court does not find the debtor to be a credible witness given the gross disparity between her testimony in this case and the verdict in the District Court case.

523 U.S. at 61.  It is the finding of actual malice, as it relates to the punitive damage award, that renders it non-dischargeable.

In this case, the statutory element of maliciousness may also be inferred from circumstantial evidence.   The jury found the debtor has violated a criminal law[2] by willfully bribing a public official, which caused injury to Ramirez.  More importantly, the aggravating circumstances of the debtor's bribery, including her gross indifference to her criminal activity and the breach of public trust, warrant an inference of malice and denial of discharge.

In *Miller*, the Fifth Circuit adopted the alternative definition of "implied malice."  It has held the test for "willful and malicious injury" under § 523(a)(6) is where there is either an objective substantial certainty of harm or a subjective motive to cause harm.  The evidentiary reality is that the defendant in this case did not admit a malicious intent.  A court is thus expected to analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to cause harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff.  *Christensen v. Lay (In re Lay)*, 2013 Banker. LEXIS 773 (Bankr. E.D. Tex. 2013).  Here, the Court makes such a finding to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff.

**ACCORDINGLY, IT IS ORDERED** judgment is granted in favor of the plaintiff, and that the punitive damages of $1,000,000 awarded in *The Gil Ramirez Group, LLC v. Houston Independent School District, et al.;* Civil Action No.: 4:10-cv-04872 in the United States District

---

[2] The District Court's findings include that the debtor engaged in an "unlawful conspiracy."

Court for the Southern District of Texas is non-dischargeable pursuant to 11 U.S.C. §

523(a)(6).  A separate final judgment will issue.

SIGNED: 11/01/2018.

Jeffrey P. Norman
United States Bankruptcy Judge